Mr. Enriquez, you can take your time and when you're prepared, please proceed. Mr. Enriquez, you can take your time and when you're prepared, please proceed. Good morning, Your Honors. Paul Enriquez for Brandon Phillips. May it please the Court. Your Honors, my client, Mr. Phillips, is serving a 10-year sentence that is predominantly based on marijuana convictions. The Missouri courts have expunged and vacated those convictions pursuant to the Missouri Constitution. My client raised an objection related to the legalization of marijuana. The district court did not rule on that objection, Your Honor. That was wrong. If my client were sentenced today, he would be subject to a sentence of as low as three and a half years. That is almost one-third of the sentence that he received. Your Honors, I welcome your questions. So on the expungement issue, what is the standard of review we're under? Are we under plein air review? Are we on de novo review? What's your view? Certainly, Your Honor. Our position is that this de novo review applies here. And the reason, Your Honor, is because my client raised an objection below specifically related to the legalization of marijuana and the constitutional amendment. The government, in their brief, acknowledged that the district court was aware and that Mr. Phillips raised the objection below. And so the issue has been preserved for the de novo review. When exactly was it objected to? Before the sentencing hearing, Your Honor. Was it objected to as part of the pre-sentencing report? Yes. It was an objection to the pre-sentencing report. And what the objection said, Your Honor, trial counsel raised What we are raising, Your Honor, is a sentencing error in this case that is specifically related to that objection. Trial counsel raised the objection and based that the criminal history was overstated because at least three marijuana convictions needed to be removed that amounted to nine points in the criminal history score. And removal of those nine points, Your Honor, would have moved him from a category 6 down to a category 2, which would have subjected him to a sentence in the sentencing range of 41 to 51 months. The district court did not rule on that objection, Your Honor, and failed to take into consideration the effect of the legalization of marijuana as was pointed out during that objection. Let me ask you this, which is I'm assuming that we're in plain air land, just for the sake of argument. I'm going to go back and look at exactly what you said as to when it was objected to. But if we are in plain air land, would you lose because any error here wasn't clear or obvious? In other words, the expungement didn't happen until well after the district court was done and then we're on appeal here and then the question is what do you do with that? Our position is that even under plain error we prevail, Your Honor. And here's the reason. The issue that Your Honor points to, it's a timing issue. And that timing issue is connected to the sentencing error that we are presenting. And the district, the Supreme Court, decided this timing issue and had opportunity to consider this issue. In United States v. Dorsey, the court addressed, considered whether a new law that calls for more lenient sentences applies to a defendant when the defendant is sentenced after the new law goes into effect but before the implementation of that law. And that's precisely the timing issue that we have here, Your Honor. The constitutional amendment went into effect December 2022. My client was sentenced in February 2023 before the state courts had actually had a chance to implement the mandate from the Constitution. And what the Supreme Court says in Dorsey that district courts need to do is that when they're presented with this issue of timing, what the courts must do is, number one, they have to apply the law at the time it went into effect regardless of whether or not the law had been implemented or whether implementation was actually complete. And then the second thing that the Supreme Court tells us in Dorsey is that the district courts need to adjust those sentences in accordance with the new minimums. And the reason the Supreme Court gave is that so as to avoid the uncertainties and disparities that would arise, which courts would be later helpless to correct. Well, what about in this situation, it's clear that the judge was aware of the argument and even though it really wasn't ruled on with great specificity, the judge at the end says the kind of catch-all thing where it says, and notwithstanding the objections that have been lodged in this case, both today and previously, which would encompass that, it says, I would impose the same sentence by way of variance or otherwise based on my evaluation of 3553A factors. What do we do with that? Certainly, Your Honor. So we would disagree respectfully, Your Honor, that there was specificity at all. So, Your Honor, we acknowledge that district court judges are busy and we acknowledge that a district court does not need to rule on every single objection or argument that is raised, particularly when the docket is large. But, Your Honor, the law requires the district court to, at the very least, consider sentencing objections, particularly when they raise issues that are this positive. In this particular case, Your Honor. Right. Was it argued at the time of sentencing? At the time of sentencing, the legalization of marijuana was raised. It was raised and it was argued, so we presume that the judge had it in mind. And when the judge says, I've considered it all, I mean, what we would send it back for at this point is just for further findings. I apologize, Your Honor, that was not raised during the hearing. It was only raised during the objection. And because the district court said that they would overrule and they would rule the same way. But I think it's important to note something here, Your Honor, and that is that at no point in the district court did not give a reason that it took into account the Missouri constitutional amendment. Not in the statement of reasons, that is documents 201 and 202. Not in the sentencing order that we are appealing from, that is document 199. Not in the resentencing transcript that is document. Had the expungements actually taken place at the time of the resentencing? Not yet, Your Honor. And I am glad that you're raising this point because what the other courts in this district are doing precisely what Dorstan says should happen. For example, in United States v. Roberts, and that is 122CR00112-1, Judge Limbaugh did not take into account marijuana convictions that lowered a criminal history score by four levels. And Judge Limbaugh cited specifically the impending expungement of marijuana convictions to support the variance in the statement of reason. And, Your Honor, my understanding is that other courts in this district are doing the same thing. And they're not counting marijuana convictions because there's an impending expungement factor here. And that's even before the expungements come down, Your Honor. In that Roberts case, the expungements had not actually been issued by the state courts yet. And that's precisely what Dorsey says should happen in this timing situation to avoid the disparities and uncertainties that would arise and, of course, would be helpless to correct. Your Honor, if I may, I want to go back to your point about that the court would rule the same way. The basis that the district court gave for sentencing Mr. Phillips in the way that it did, it was overruling an objection related to the ACCA, In Controlled Substances Act. If you look at those three documents that I cited, documents 193, 209, 201, 202, and the resentencing transcript 209, the district court there never addressed the objection that was actually raised below. There was only one objection in this case, and that was related to the legalization of marijuana. But, Your Honor, my client never raised an objection on grounds related to the ACCA and the Controlled Substances Act that was related to the first appeal but had nothing to do with this particular case. I'm going to press you a little bit, and it's on Judge Erickson's point, which is I don't know that you can have it both ways. You can't say it was raised, the district court could have addressed it, and then say, well, but when it said, I've considered all issues and objections, and I would come out the same way. I think you might actually be better off on plain air review and say you didn't raise it, to be honest with you. Otherwise, you have to assume that the district court looked at everything you gave them and would come out the exact same way. Now, maybe you have sort of a convoluted argument that you raised it, but it hadn't occurred yet, and so the district court, but I read that as the district court saying, look, I've considered everything, and no matter what happens, I'm not going to change my view. Your Honor, we would respectfully disagree, and we don't think it's a convoluted argument. The Supreme Court has stated in Chavez-Mesa v. United States, that's 585 U.S. 109, that courts need not provide a lengthy explanation if the context and record make clear that the judge had a reasoned basis for its sentence. That context is lacking here, Your Honor. It was necessary for the district court to address the effect of the Missouri Constitution in this case. It did not. It did not make findings of fact. It did not make findings of law, and therefore, it did not adequately create a record that would allow this court to review what happened below. That is why, particularly, Your Honor, in this case, a remand is warranted so that the district court can consider the effects of the Missouri Constitutional Amendment in the first instance. And, Your Honor, I see that my time is almost up, and I reserve my two minutes of rebuttal. Unless there are more questions. You won't have two minutes, but you'll have some. Certainly, Your Honor. All right. That's okay. Ms. Schneider. Thank you. Good morning. May it please the Court. My name is Tori Schneider, and I represent the United States. The standard of review is a little different in this case. It is the government's position that the standard of review on the expungement issue is plain error because the defendant below did not expressly object to this. However, to Judge Erickson's point, any error that this court were to find would be harmless because of the district court's statement that he had considered all of the issues, and regardless of any of the objections lodged, which there was an objection to the resentencing. There was a resentencing pre-sentence report, a resentencing report. There was the objection lodged. So regardless of any objections lodged in this case, the district court stated he had considered them and would impose the same sentence regardless by way of an upward variance based on the 3553A factors and appellant's lack of acceptance of responsibility. I think you might have the opposite problem of opposing counsel, which is, if I heard you correctly, I'm not sure I heard you correctly, but I think you're arguing that he didn't make the objection, but it was harmless anyways. And I don't think you can say that because he's talking about the issues and objections that he actually heard. So I think both parties kind of need to pick a horse and ride the horse. Well, I think what I started with was saying it's a little bit odd and a little unclear. But I believe what was unclear was that the objection also was a little bit unclear because the objection was not specifically to the Missouri Constitutional Amendment. It wasn't, I object to these three convictions based on this pending or recently enacted Missouri Constitutional Amendment. The objection to the resentencing report was that my marijuana convictions or my criminal history is overstated based on this modern view of marijuana and Missouri has this new Constitutional Amendment. So the objection was not specifically, I object to these three convictions being considered. Could he have made a more specific, I guess you just told me how he could, but on the other hand, as one of my colleagues said, it hadn't been expunged yet. So it would have been kind of a silly, it would be silly to make a much more specific objection. I agree with that. I go back to this is why the standard of review is a little unclear and why I do believe and would hang my hat on the harmless error analysis. But that is absolutely right, Your Honor. The expungements had not occurred and that is why the district court did not err in this case because he considered all of the accurate facts and evidence in front of him at that time. And so in considering those convictions, he cannot be considered to have erred. It was true. Those convictions still stood. They had not been expunged. And so he did not consider anything improperly. Now, there's only one problem with that argument, at least that I can see. There might be others. I don't know. But there's a case called Henderson from the United States Supreme Court that says you judge plain error at the time of appeal. So I'd assume you also judge error at the time of appeal as well. And so the fact that we are on direct appeal and that that change in the law happened, one might think that we would say it's erroneous because the conviction is still open. It hasn't really become final yet. Sure. And the government would respond and say even today, considering those expungements, they would still count under federal law based on how federal law considers expungements. All right. Explain a little more. Why would they still count? Under United States v. Townsend, Your Honor, and how this circuit and certainly every circuit I have found that we look at the basis for the expungement, not the effect. And so whether the expungement has to have been for an error of law, innocence, or constitutional invalidity. And in this case, it was none of those reasons. It was simply because the state of Missouri chose to decriminalize marijuana and then quote unquote expunge any of those or certain prior convictions. In this case, appellant wants to make it out as if this was an automatic process and it certainly was nothing of the like. There were many qualitative, certain qualitative prerequisites to which convictions were going to be expunged. The constitutional amendment excluded any convictions that involved distribution, delivery to a minor, violence, or driving while under the influence. So it wasn't just if you have a marijuana conviction, it was going to be eligible for expungement. So at the time of sentencing, his convictions may have been eligible for expungement. So now they have been expunged, but when you look at the reasons or you look at the basis for that, they weren't expunged because they were obtained in violation of his constitutional rights. They weren't expunged because he has determined to have been innocent of those charges. So under United States v. Townsend, it is the government's position that those would still count toward sentencing. You know, under Townsend, it seems that the answer really is that if there is no exoneration or no reopening as a result of a question of actual innocence, that expungement is like you get to start your life over fresh in many respects, but it does not have the same effect. And Townsend, that would be binding on this panel, wouldn't it? Townsend is binding on this panel. Yes, that's correct. And appellant wishes this court or certainly the district court to have applied state law, the state Missouri constitutional amendment to his federal sentencing, but it is very clear that federal law dictates what convictions are counted at federal sentencing and to hold otherwise would thwart Congress's purpose and the sentencing guidelines purpose in uniformity in federal sentencing. Right. We said in Nelson that we look at the basis for the expungement rather than the effect of it. And what they're focusing in is the constitutional effect. I mean, nothing in the Missouri state constitution says all these people were not convicted. That's absolutely right. And what about the effect, the practical effect of, well, I raise an objection in my response to the pre-sentence report. And the response to the pre-sentence report is not like a sentencing memorandum or brief that's filed where you say I have a sentencing memorandum, I'm specifically raising this objection. It's something that you send off to the probation officer and say I object, right? Yes, it also does go to the district court judge. Right, right, right. But it's not a motion, it's not an argument that's presented. What's the practical effect of when you show up at the hearing and you never mention the word the Constitution of Missouri or legalization? Is that abandoned or is it still preserved? I believe in that instance it would, I know this one is a little bit squishy, but I believe in that sense it's preserved because it's objected to. It's just that in this instance what was objected to was his criminal history was overstated. Right, it's a fuzzy objection, right? Yes. Because it didn't specifically refer to the, there was a constitutional amendment, it's been enacted, expungement is pending, it was not precise, right? So it's an imprecise, my criminal history is overstated, right? And then you get there, you don't even raise the argument. That is correct. It wasn't thoroughly argued at the sentencing hearing, I agree with that. However, I absolutely trust that the district court reviewed the resentencing report, which included the objection which the government responded to. Right, and Judge Clark says I considered everything and this would be my sentence in any event. And this is a guy who was passed out in the fast food driveway, he's got deliverable quantities of fentanyl, he's got guns, I mean there's a lot of reasons why I would look at this person and say this person may very well be worthy of a lengthy sentence. Absolutely, and not only did the district court obviously say that in the transcript that this would have been his sentence by way of an upward variance, in his written judgment he indicated that the court did believe that the ACCA sentence would have been appropriate but for the change in law. And of course, as we stand here today, to Judge Strauss' point, if we're looking at error at the time of appeal, given Brown, by way of his criminal history is back to being an armed career criminal. I want to ask you about the federal benefits issue that they brought up. That one, I wonder if that's just obvious there and I'll tell you why. Because he wasn't convicted now of a distribution offense and the other times he was convicted of possession with intent to distribute, which may or may not include distribution. Usually it does and that's how it's charged, but obviously by the definition of the crime, not always. So I just kind of wonder whether that's wrong and we ought to just vacate that part of the decision. Well, Your Honor, Appellant makes several arguments regarding that federal benefits denial and his main one is the fact that this current conviction is for a 922G, which I understand does not fall within that 862. However, that was covered by his appeal waiver. This denial of his federal benefits eligibility is part of his sentence. I know that, but if I could ask one more question. Sure. I think that this is an illegal sentence. I think because it's not authorized by statute, even though it's not a typical illegal sentence that we see, when it's not authorized by statute, we treat it as illegal. And this would seem to be an unusual application of that. If the court does believe that this is an illegal sentence, may I respond to that just a little bit? Sure. The government believes that it is also waived by the fact that it was not raised in the first appeal. And under United States v. Thompson, 335 F. 3rd 782, issues not raised in the first appeal cannot be raised in the subsequent appeal. Although the first appeal didn't reach ultimate conclusion, there was an appellant's opening brief filed. It wasn't raised in that. However, should the court determine that it wasn't a legal sentence, the government would ask that this court could just correct that judgment and remove the denial of federal benefits under 28 U.S.C. 2106 or just remand it for the very limited purpose of deleting that from the judgment. Thank you. But the government would respectfully request that the court affirm. Thank you. Thank you, Ms. Schneider. Mr. Enriquez, would you address the Townsend case and its implications? Certainly, Your Honor. So Townsend interprets. We do not believe that it is binding precedent on this court. Townsend interprets a state law definition in the cases that it addressed. The guidelines here and 922G1 do not have a definition of the word expungement. And the Supreme Court has told us when we are presented with this sort of situation, we have to apply basic canons of statutory construction. The meaning of expungement, plain and ordinary meaning, dating back to the founding era, completely goes away. And that meaning is consistent with the meaning in the Missouri Constitution, Your Honor. Townsend and Hines and the other cases that the government cites stand for the proposition that they're interpreting a state law that specifically defines the word expungement. That is not the case here. And, Your Honor, if I may, lastly, we do not believe that there was waiver in this case. The waiver agreement that my client cites specifically says we are not waiving any issues related to criminal history. You cannot count a criminal history score, and you cannot count a base offense level without looking at the criminal history. Therefore, plainly, based on the plain language of the waiver, there was no waiver here. And, Judge Fraas, you are absolutely correct that the federal benefits and eligibility sentence is completely unfounded in law. There is no controlled substances offense in this case. My client was sentenced for a conviction related to 922G1. And there was no—all of Mr. Phillips' convictions relate to possession with intent to distribute marijuana or possession of marijuana. Those are not drug trafficking offenses within the meaning of 862.1a. That's specifically—if the district court had looked at the title of that law, it would have realized that it applies specifically to drug traffickers, which my client does not, Your Honor. And so, Your Honor, we respectfully request that this court vacate the sentence and remand the case to the district court to consider the effect of the Missouri Constitution in this case, including the expungements that have been handed down while this case is on direct appeal, which is a very important point. This case is still on direct appeal. It is not over. Thank you, Your Honors. Thank you, Mr. Enriquez. Thank you also, Ms. Snyder. The court appreciates both counsel's participation and argument with the court this morning, and the briefing which you submitted will continue to study the matter and render decisions, of course. Thank you.